# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1913V
(Unpublished)

* * * * * * * * * * * * * * * * * * * * * * * * *
REVA SIMS,                         *
                                   *   Special Master Oler
              Petitioner,   *   Filed: March 25, 2019
   v.                              *
                                   *   Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                *   Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                *   Act.
                                   *
              Respondent.   *
* * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN,
     for Petitioner.

*Ashley M. Simpson*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On December 8, 2017, Reva Sims ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a left shoulder injury as a result of the influenza ("flu") vaccination that she received on October 8, 2015.[3]

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was initially assigned to Special Master Roth on December 8, 2017 (ECF No. 4), and then reassigned to my docket on June 8, 2018 (ECF No. 15).

Petition ("Pet.") at 1, ECF No. 1.  Petitioner filed her statement of completion on December 12, 2017. ECF No. 8.

On November 19, 2018, Respondent filed a Rule 4(c) Report. ECF No. 22.  Respondent stated that Petitioner had not satisfied her burden of proof, specifically noting that she did not appear to have suffered any residual effects for more than six months after vaccination and failed to establish causation-in-fact. *Id*. at 6-8.  Respondent concluded that "this case is not appropriate for compensation under the Vaccine Act." *Id*. at 10.

On November 20, 2018, I asked Petitioner to file a status report indicating how she would like to proceed, considering Respondent's Rule 4(c) Report.  Petitioner filed a status report requesting time to obtain an expert report on December 19, 2018. ECF No. 23.  On February 19, 2019, I granted Petitioner's motion for an extension to obtain an expert report until April 19, 2019. ECF No. 24.  Petitioner has not filed an expert report in this case.

On March 20, 2019, Petitioner filed the present motion to dismiss her claim, indicating that "[she] has been unable to secure evidence to prove entitlement to compensation in the [V]accine [P]rogram."  *See* Petitioner's Motion for Decision Dismissing the Petition, ECF No. 25.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and in accordance with her motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                              **/s/ Katherine E. Oler**
                                              Katherine E. Oler
                                              Special Master